UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGOSOM GEBRE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CSP CMF,<br><br>　　　　　Respondent. | Case No.: 1:12-cv-01584-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF THE COURT TO ASSIGN DISTRICT JUDGE TO CASE |

　　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on July 20, 2012, in the United States District Court for the Southern District of California. (Doc. 1). It was transferred to this Court on September 27, 2012. (Doc. 3). Upon screening, it became evident that the petition was deficient in several areas, i.e., the claims were unexhausted and failed to state cognizable federal habeas corpus claims. Accordingly, on October 29, 2012, the Court ordered Petitioner to file an amended petition rectifying these defects. (Doc. 6). On November 29, 2012, Petitioner filed the first amended petition. (Doc. 8). After further screening, the amended petition suffers from the same defects and the original petition. Therefore, the Court will recommend that the first amended petition be dismissed.

///

1

**PROCEDURAL HISTORY**

A.  Procedural Grounds for Summary Dismissal.

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Exhaustion of Remedies.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In this instance, the highest state court would be the California Supreme Court. A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th

Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

Here, in his original petition, Petitioner alleged that he had presented his claims to the California Court of Appeal in his direct appeal from his conviction, but did not indicate on the form that he had ever presented his claims to the Supreme Court, nor did he provide any information regarding when he presented those claims and when the California Supreme Court denied them, nor did he provide copies of the orders denying his claims in the California Supreme Court. (Doc. 1, p. 2).[1] The Court expressly directed Petitioner, in his amended petition, to indicate when, if ever, he had presented his claims to the California Supreme Court. (Doc. 6).

In the first amended petition, as in the original petition, Petitioner alleges he presented his claims to the California Court of Appeal, but makes no mention of any filing in the California Supreme Court. Accordingly, the Court concludes that none of the claims in the first amended petition have been exhausted. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760.

   C.   Failure To State A Cognizable Federal Habeas Claim.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that

---

[1] Moreover, the Court has accessed the electronic database for the California Court system and determined that Petitioner filed an appeal in the California Court of Appeal that was denied by opinion on August 1, 2011, and that there was no reference in the database to a subsequent petition for review filed in the California Supreme Court. Indeed, remittitur issued from the California Court of Appeal on October 3, 2011, approximately sixty days after the case was decided, which, by California Rule of Court, indicates that no petition for review was ever filed.

1  "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ."
2  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant
3  to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court
4  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly
5  established Federal law, as determined by the Supreme Court of the United States; or resulted in a
6  decision that was based on an unreasonable determination of the facts in light of the evidence
7  presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

8        Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that
9  he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the
10 adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an
11 unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was
12 based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254. Petitioner raises only
13 state law claims which, generally, are not cognizable on federal habeas review.  Estelle v. McGuire,
14 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for
15 errors of state law.'"), quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S.
16 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the
17 level of a constitutional violation, may not be corrected on federal habeas").  Moreover, "[c]onclusory
18 allegations which are not supported by a statement of specific facts do not warrant habeas relief."
19 James v. Borg, 24 F.3d 20, 29 (9th Cir.1994).

20       In his original petition, Petitioner alleged four separate *factual scenarios* to support his
21 complaint about what occurred at trial; however, he did not frame those complaints as being grounded
22 in violations of his federal constitutional rights nor did he articulate a legal theory for those factual
23 scenarios.  Petitioner argued that (1) the results of the gunshot residue test was never admitted at trial
24 because, he asserts, the results were negative; (2) the photo lineup at which he was identified by the
25 victim was overly suggestive; (3) Petitioner was not given sufficient time to prepare for trial; and (4)
26 the prosecution's primary witness is an illegal alien.  (Doc. 1, pp. 5-9).  However, as mentioned,
27 Petitioner failed to identify any federal constitutional right underlying any of those purportedly factual
28 events at trial.

Indeed, Petitioner did not attempt to state a federal claim by alleging, for example, that those events violated Petitioner's "due process" rights. (Doc. 15, p. 5). Even had he done so, such a broad and vague assertion would not automatically transform his claims into federal ones, since broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald assertions of ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), *citing* Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion).

Indeed, the Court expressly warned Petitioner as follows:

> A petitioner in federal court cannot merely characterize some state act as unconstitutional and expect the court to explore all possible grounds under each article and amendment of the Constitution. While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of creating a federal claim for the petitioner. In any amended petition, Petitioner should state the constitutional grounds for his claims with particularity.

(Doc. 6, pp. 4-5).

In the first amended petition, as with the original, Petitioner has once again failed to meet even these minimal pleading standards for habeas proceedings. In the first amended petition, Petitioner contends that (1) he was denied the effective assistance of counsel because trial counsel did not keep Petitioner informed about what was going on; (2) one prosecution witness was an illegal alien; (3) a negative gunshot residue test was never introduced at trial; and (4) the photo-lineup was illegal. (Doc. 8, pp. 4-5).

As can be readily seen, grounds two, three, and four do not identify any federal constitutional basis for habeas relief. Instead, they are simply statements of fact, not legal claims. Ground one, arguably, can be liberally construed as a violation of the Sixth Amendment. Petitioner has now had two opportunities to plead cognizable habeas corpus claims and, with the exception of ground one, has failed on both occasions. It does not appear to the Court that further opportunities are likely to produce a properly pleaded habeas petition. Accordingly, the Court will recommend that grounds two, three, and four be dismissed for failure to state a cognizable habeas claim.

**ORDER**

Accordingly, the Court DIRECTS the Clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS as follows:

1. That the first amended petition for writ of habeas corpus (Doc. 8), be DISMISSED for lack of exhaustion;
2. Alternatively, that grounds two, three, and four in the first amended petition (Doc. 8), be dismissed for failure to state a cognizable federal habeas corpus claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 4, 2012**          **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE